# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Kristen Raeth Koestler,

       Plaintiff,

  v.

CashCall, Inc., and Kenneth Lee
Koestler, its agent and employee,

       Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 06-4536 ADM/JSM

---

Thomas J. Lyons, Sr., Esq., Lyons Law Firm, P.A., Vadnais Heights, MN, on behalf of Plaintiff.

Terrance J. Wagener, Esq., Krass Monroe, P.A., Minneapolis, MN, on behalf of Defendant
CashCall, Inc.

---

## I. INTRODUCTION

On March 20, 2007, oral argument before the undersigned United States District Judge
was heard on Defendant CashCall, Inc.'s ("CashCall") Motion to Dismiss [Docket No. 2] for
lack of personal jurisdiction.  For the reasons set forth herein, CashCall's Motion to Dismiss is
granted.

## II. BACKGROUND

CashCall is a California corporation with offices in Fountain Valley, California and Las
Vegas, Nevada.  Holland Aff. [Docket No. 6] ¶ 3.  CashCall markets, originates, funds, and
services consumer loans to borrowers in 45 states, but not in Minnesota.  Id. ¶¶ 2, 4.  CashCall
does not have offices, real property, personal property, employees, or representatives in
Minnesota.  Id. ¶ 6.  CashCall has a website, and does some national advertising; however,
CashCall has never provided individual marketing to residents of Minnesota.  Id. ¶ 5.  CashCall
has never contacted Plaintiff Kristen Raeth Koestler ("Plaintiff") to promote its services, and has

never provided loan services to Plaintiff.  Id. ¶ 7.

Plaintiff resides in Sherburne County, Minnesota.  Compl. [Docket No. 1] ¶ 7.  Defendant Kenneth Lee Koestler ("Mr. Koestler") lives in Orange County, California, and is employed by CashCall.  Id. ¶ 9.  Plaintiff and Mr. Koestler were married from July 3, 2004 until their separation in April 2005.  Id. ¶ 10.  Divorce proceedings commenced in February 2006, and the custody dispute over Mr. Koestler and Plaintiff's child has been contentious.  Id. ¶¶ 10, 12.  Plaintiff received an email from Mr. Koestler on September 12, 2006, that contained a statement that Mr. Koestler would not have known about unless Mr. Koestler has accessed Plaintiff's credit report.  Id. ¶ 14.  Plaintiff subsequently discovered that on June 8, 2005, February 8, 2006, and March 7, 2006, CashCall, through Mr. Koestler, improperly accessed Plaintiff's credit report.  Id. ¶ 16; Lyons Aff. [Docket No. 9] Ex. A.  In her Complaint, Plaintiff alleges violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681 *et. seq.*, and invasion of privacy (intrusion upon seclusion).

### III. DISCUSSION

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a party may move to dismiss for lack of jurisdiction over the person.  "[A]s the party seeking to establish the court's in personam jurisdiction, [Plaintiff has] the burden of proof, and the burden does not shift to [CashCall]."  Romak USA, Inc. v. Rich, 384 F.3d 979, 983-84 (8th Cir. 2004).  However, to defeat CashCall's Motion to Dismiss for lack of personal jurisdiction, Plaintiff "need only make a prima facie showing of jurisdiction, and may do so by affidavits, exhibits, or other evidence."  Id. at 983.  The Court "must view the evidence in the light most favorable to [Plaintiff] and resolve factual conflicts in [her] favor."  Id.

To assess personal jurisdiction, the Court must determine (1) whether Minnesota's long-arm statute, Minn. Stat. § 543.19, is satisfied, and (2) "whether the exercise of jurisdiction comports with due process;" *i.e.*, whether the defendant has had "minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000) (internal quotations and citations omitted). The Minnesota long-arm statute is coextensive with the limits of due process. Minn. Mining & Mfg. Co. v. Nippon Carbide Indus. Co., 63 F.3d 694, 697 (8th Cir. 1995). To determine whether the constitutional requirements for personal jurisdiction have been satisfied, the Court must examine five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 522-23 (8th Cir. 1996). The first three factors are closely interrelated and of primary importance; the last two factors are of secondary importance. Id. at 523. Specific jurisdiction may be established where "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citations omitted).

CashCall argues that the Court does not have personal jurisdiction over it because CashCall does not have sufficient minimum contacts with the state of Minnesota. CashCall further argues that the conduct which forms the basis of the Complaint occurred exclusively in California, and it is only Plaintiff's alleged injury that occurred in Minnesota. The Court agrees

3

that it does not have personal jurisdiction over CashCall because CashCall does not have

sufficient minimum contacts with Minnesota such that it could "reasonably anticipate being

haled into court [here]."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

In fact, CashCall has no contacts with Minnesota.  CashCall is a California corporation with

offices in California and Nevada.  CashCall does not have offices, real property, personal

property, employees, or representatives in Minnesota.  CashCall does not market, originate, fund,

or service consumer loans in Minnesota.  CashCall has also never contacted nor provided loan

services to Plaintiff.

      Plaintiff  relies on Romak USA, Inc. v. Rich, 384 F.3d 979 (8th Cir. 2004) in arguing that

Mr. Koestler is CashCall's agent, and the acts of an agent are attributable to a principal for

purposes of personal jurisdiction.  However, the Eighth Circuit in Romak stated:

> Although a court may exercise personal jurisdiction over a defendant through the acts of
> his agent, a party who relies upon the authority of an agent has the burden of proof
> regarding both the fact of the agency relationship and the scope of the agent's authority.
> We also note that express authority and apparent authority arise from the acts of the
> principal, not the alleged agent.

384 F.3d at 985 (citations omitted).  Other than bare allegations in her Complaint and her

Opposition Memorandum [Docket No. 8], Plaintiff provides no evidence to establish the scope

of Mr. Koestler's authority or whether he was acting with express or apparent authority in

accessing Plaintiff's credit report.  Mr. Koestler's actions of accessing Plaintiff's credit report

are not automatically attributable to CashCall solely on the basis of the employer/employee

relationship for purposes of the personal jurisdiction analysis.  See Pecoraro v. Sky Ranch for

Boys, Inc., 340 F.3d 558, 562-63 (8th Cir. 2003) (stating that whether the entity could be held

vicariously liable for the individual's conduct is irrelevant to the issue of personal jurisdiction,

4

and the court should examine solely the activity of the entity to determine whether the entity could reasonably expect to be haled into court in Nebraska).

Plaintiff also points to cases from other jurisdictions where courts have exercised personal jurisdiction over out-of-state defendants who impermissibly accessed credit reports of in-state plaintiffs.  Myers v. Bennett Law Offices, 238 F.3d 1068 (9th Cir. 2001); Cole v. Am. Family Mut. Ins. Co., 333 F. Supp. 2d 1038 (D. Kan. 2004); Bertolet v. Bray, 277 F. Supp. 2d 835 (S.D. Ohio 2003); Liu v. DeFelice, 6 F. Supp. 2d 106 (D. Mass. 1998).  However, with the exception of Myers, the cases cited by Plaintiff involve a court exercising personal jurisdiction over defendants who directly accessed a plaintiff's credit report, and not a court vicariously exercising personal jurisdiction over a corporate defendant based on the acts of it's agent.  Myers is distinguishable because the plaintiffs in Myers, unlike the Plaintiff in this case, made a prima facie showing that the individual who accessed the credit reports had at least apparent authority to request the credit reports and could be considered the agent of the entity defendant.  238 F.3d at 1073.  Plaintiff has alleged no facts to support that CashCall authorized or had any knowledge of Mr. Koestler's access to his ex-spouse's credit reports.  CashCall is haled into Minnesota court solely because it was Mr. Koestler's employer.

Plaintiff has not made a sufficient showing to attribute Mr. Koestler's actions to CashCall, and CashCall has insufficient minimum contacts with Minnesota for this Court to have personal jurisdiction over it.  Accordingly, CashCall's Motion to Dismiss is granted.

**IV. CONCLUSION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that CashCall's Motion to Dismiss [Docket No. 2] is **GRANTED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 21, 2007.